IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



WILLIAM MAULDIN, INDIVIDUALLY §
AND AS REPRESENTATIVE OF THE §
ESTATE OF PAULINE GIBSON, §
DECEASED, §
 §
Plaintiff, §
 §
VS. § NO. 4:17-CV-641-A
 §
ALLSTATE INSURANCE COMPANY, §
ET AL., §
 §
Defendants. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, William Mauldin, Individually and as representative of the Estate of Pauline Gibson, Deceased, to remand. The court, having considered the motion, the response of defendants, Allstate Insurance Company ("Allstate"), Mayella Gonzalez[1] ("Gonzalez"), and Theresa Hernandez ("Hernandez"), the reply, the record, and applicable authorities, finds that the motion should be denied and that the claims against Gonzalez should be dismissed.

I.

Background

On June 30, 2017, plaintiff filed his original petition (including discovery requests) in the 153rd Judicial District

---

[1] Gonzalez says that plaintiff has misspelled her last name as Gonzales.

Court of Tarrant County, Texas. Doc.[2] 1, Ex. B-1. Plaintiff alleged:

He, William Mauldin ("Mauldin"), is the grandson, sole heir, and court-appointed representative of the Estate of Pauline Gibson, Deceased ("Gibson"). Gibson and Mauldin lived together. Their residence and personal property was damaged. They timely notified Allstate, which insured against the losses. "[I]n due course all of the Defendants became involved in this matter . . ." Doc. 1, Ex. B-1 at 4. Plaintiffs [sic] were led to believe that their claims would be paid, but that did not happen. Eventually, "a ridiculously small sum of money was tendered in the form of a check" that has never been cashed or presented. Id. at 5. Plaintiffs [sic] did everything they were supposed to do, but claims were not paid promptly or fairly.

Plaintiff asserts causes of action for violation of the Texas Insurance Code, violation of the "prompt pay statute," violation of the "Texas D.T.P.A.," fraud, bad faith tortious misconduct, negligence, and gross negligence. Doc. 1, Ex. B-1 at 7. Plaintiff declares that he seeks to recover monetary damages of "over $200,000.00 but not more than $1,000,000.00." Id. at 3-4, 8.

---

[2]The "Doc.___" reference is to the number of the item on the docket in this action.

On August 3, 2017, Allstate filed its notice of removal, bringing the action before this court. Doc. 1. Allstate alleged that removal was proper on the basis of diversity because the amount in controversy exceeds $75,000 and defendant Gonzalez had been improperly joined, there being complete diversity of citizenship between the remaining parties. Id. at 4-8.

II.

Grounds of the Motion

The grounds of plaintiff's motion are too numerous to concisely list here, as will be discussed below.

III.

Applicable Legal Standards

A. Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[3] "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state

---

[3] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

3

court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

B.  Fraudulent or Improper Joinder

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Because defendants have not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed

4

facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. A Rule 12(b)(6)-type analysis of plaintiff's claims appears to be the proper method here to determine whether there exists a reasonable basis for a conclusion that plaintiff might be able to recover against Gonzalez.

C. The Pleading Standard to be Used in the Rule 12(b)(6)-Type Analysis

Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 208 (5th Cir. 2016).[4] Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in

---

[4]The court notes that Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule and that Texas courts have interpreted their Rule 91a as requiring a Federal Rule 12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a. See, e.g., Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.–Beaumont 2014, pet. denied). Thus, the outcome would be the same if the court were to apply the Texas pleading standard.

5

order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint

states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Claims alleging violations of the Texas Insurance Code and the Texas DTPA as well as those for fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b). Berry v. Indianapolis

7

Life Ins. Co., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); Frith, 9 F. Supp. 2d at 742.

IV.

Analysis

A. Alleged Procedural Failings

Plaintiff first complains that Allstate has failed to file all state court case documents and that it has filed extraneous documents along with the notice of removal. The removal statute requires that the notice contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants." 28 U.S.C. § 1446(a). Local Civil Rule LR 81.1(a) requires that the removing party provide to the clerk for filing: a completed civil cover sheet, a supplemental civil cover sheet, a notice of removal with an index of all documents (clearly identifying each and the date it was filed in state court), a copy of the docket sheet in the state court action, each document filed in the state court action (except discovery materials), and a separately signed certificate of interested persons. The record reflects that Allstate complied with the substance of these requirements.

Plaintiff says that certain "citation documents" and a civil case information sheet were contained in the state court clerk's file but copies were not attached to the notice of removal.

8

Plaintiff does not explain what possible relevance those items would have. The citations do not reflect that they were filed in the state court, but the returns (which necessarily include the citations) reflecting service on defendants were and were filed with the notice of removal. And, the civil information sheet plaintiff references does not appear to contain any information not otherwise in the papers attached to the notice of removal.[5] As the court has previously noted, technical defects in a notice of removal are not jurisdictional and are not a basis for remand. Jana Food Serv., Inc. v. Nationwide Agribusiness Ins. Co., No. 4:16-CV-864-A, 2016 WL 7165973, at *1 n.1 (N.D. Tex. Dec. 7, 2016).

Plaintiff also complains that Allstate "filed a veritable 'flurry' of extraneous documents." Doc. 23 at 13, ¶ 3. And, he alleges that Allstate's filing of a paper copy of its notice of removal "contained all sorts of things attached to it . . . as a 'hodge-podge.'" Id., ¶ 4. Plaintiff insinuates that there is some difference between the electronic and paper versions of the notice of removal, but does not explain what it is or why it is material.[6] Plaintiff never identifies the alleged extraneous

---

[5]The court does note that the civil information sheet confirms that plaintiff if seeking to recover more than $200,000 but not more than $1,000,000. Doc. 24, App. Ex. p. 1.

[6]As best the court can tell, the documents appear to be substantially the same, as they are
(continued...)

9

documents to which he refers. Nor does he cite any authority to support the contention that their inclusion would be cause for remand.[7]

Plaintiff further complains that the individual defendants did not join in the notice of removal. Plaintiff asserts that there must be some kind of proof of consent but does not cite any authority for that proposition. As the Fifth Circuit has noted, the removal statute does not require that each served defendant must sign the notice of removal, but only that there must be some timely filed written indication that the defendant has actually consented to the removal. Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Here, the notice of removal clearly reflects that Hernandez consents to the removal and the notice is signed by the attorney acting on her behalf. Doc. 1 at 9, ¶ 3.6. And, as stated in that same paragraph, consent of Gonzalez, who is alleged to have been improperly joined, is not required. Rico v. Flores, 481 F.3d 234, 239 (5th Cir. 2007); Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993).

---

[6](...continued)
required to be.

[7]It appears that plaintiff is referring to the insurance contract to which he refers in his petition but which was not attached thereto.

B.  <u>Alleged Substantive Failings</u>

Plaintiff alleges that Allstate has not established that the court has diversity jurisdiction. He says that there is no proof that the amount in controversy exceeds $75,000 and that Allstate admits that there is not complete diversity of citizenship.

The cases plaintiff cites in support of his argument regarding amount in controversy involve pleadings where the plaintiffs did not specify an amount in controversy. Doc. 23 at 10 (citing <u>DeAguilar v. Boeing Co.</u>, 11 F.3d 55 (5th Cir. 1993), and <u>Allen v. R&H Oil & Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995)). The law is clear that where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith. <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288 (1938). Here, plaintiff has pleaded that the amount in controversy lies between $200,000 and $1,000,000. Doc. 1, Ex. B-1 at 3-4, 8. Thus, the jurisdictional amount is met. 28 U.S.C. § 1332(a).

As for the citizenship of the parties, complete diversity exists but for the joinder of Gonzalez. And, after a review of plaintiff's pleading, the court is satisfied that this is but another in a long line of cases where a plaintiff joins as a defendant an insurance adjustor or other non-diverse party in an

effort to defeat removal jurisdiction.[8] Plaintiff argues that his petition gives adequate notice of the theories of liability pleaded against defendants and thus removal was improper because he has stated viable claims against each defendant. Doc. 23 at 17. However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than a formulaic recitation of the elements of a cause of action or mere labels and conclusions. Iqbal, 556 U.S. at 678.

Here, plaintiff has done nothing more than make conclusory allegations without any plausible facts to support them. He has made no attempt to spell out the who, what, when, where, and how of the purported fraud and other statutory violations. He does not even mention the individual defendants by name or identify who they are and what role they played. He only says that "in due course all of the Defendants became involved in this matter." Doc. 1, Ex. B-1 at 4. After a study of plaintiff's state court pleading, and a review of applicable authorities, for essentially

---

[8]See, e.g., Aguilar v. State Farm Lloyds, No. 4:15-CV-565-A, 2015 WL 5714654 (N.D. Tex. Sept. 28, 2015); Parish v. State Farm Lloyds, No. 4:15-CV-339-A, 2015 U.S. Dist. LEXIS 79293 (N.D. Tex. June 18, 2015); Ogden v. State Farm Lloyds, No. 4:15-CV-139-A, 2015 WL 3450298 (N.D. Tex. May 28, 2015); Gonzalez v. State Farm Lloyds, No. 4:15-CV-305-A, 2015 WL 3408106 (N.D. Tex. May 27, 2015); Vann v. Allstate Texas Lloyds, No. 4:15-CV-277-A, 2015 WL 2250243 (N.D. Tex. May 12, 2015); SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No. 4:15-CV-213-A, 2015 WL 2234912 (N.D. Tex. May 12, 2015); Davis v. Metropolitan Lloyds Ins. Co., No. 4:14-CV-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 WL 11474841 (N.D. Tex. Sept. 25, 2014).

the same reasons given in the cases cited in footnote 8 why the claims adjustors were improperly joined in those cases, the court concludes that plaintiff named Gonzalez as a defendant in this action for the purpose of attempting to defeat federal court jurisdiction.[9] Gonzalez was improperly joined. None of the claims asserted against her would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the consequence that her citizenship should be disregarded in determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against her should be dismissed.[10]

V.

Order

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that plaintiff's claims against Gonzalez be, and are hereby, dismissed.

---

[9]The court is satisfied that plaintiff joined both of the individual defendants for an improper purpose in hopes of defeating removal jurisdiction. Plaintiff apparently believed that Hernandez was a citizen of Texas as she could be served in Dallas, Texas, but does not now dispute that she is a citizen of Ohio. Nevertheless, the issue of whether plaintiff has stated any claims against her is not now before the court.

[10]The court need not undertake an analysis of whether plaintiff's claims should be governed by Texas or Oklahoma law. Plaintiff simply has not alleged facts sufficient to state any claim against Gonzalez.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Gonzalez.

The court further ORDERS that the caption of this action be, and is hereby, amended to reflect that Allstate and Hernandez are the only defendants.

SIGNED October 2, 2017.

JOHN McBRYDE
United States District Judge